PER CURIAM.
The appellant challenges the trial court’s summary denial of his rule 3.850 motion as untimely. We reverse.
The appellant pled guilty to burglary of a dwelling and was sentenced as a habitual felony offender to 12 years’ imprisonment. He filed a direct appeal but subsequently filed a motion to voluntarily dismiss it. On August 29, 2002, this Court rendered an order dismissing the case.
On August 5, 2004, the appellant filed a rule 3.850 motion raising six claims. The trial court denied the motion as untimely based upon the fact that the appellant voluntarily dismissed his direct appeal, which the court found caused his conviction to become final 30 days after it was imposed. This was error. The appellant’s conviction did not become final until after this Court relinquished jurisdiction on August 29, 2002, by issuing an order granting the appellant’s motion to voluntarily dismiss the direct appeal. See Small v. State, 941 So.2d 555 (Fla. 1st DCA 2006).
We therefore reverse and remand for the trial court to determine whether the motion is facially sufficient and, if so, to consider- the merits of the appellant’s claims.
REVERSED and REMANDED.
KAHN, WEBSTER, and ROBERTS, JJ., concur.